[Cite as *State v. Dendak*, 2013-Ohio-5694.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2013 CA 00065 |
| ASHLEY L. DENDAK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Canton Municipal
Court, Case No. 2012 CRB 4634


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 23, 2013


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

TYRONE D. HAURITZ      GEORGE URBAN
CANTON CITY PROSECUTOR      116 Cleveland Avenue NW
BRANDEN L. DICKERSON      Suite 808
ASSISTANT PROSECUTOR      Canton, Ohio  44702
218 Cleveland Avenue SW
Canton, Ohio  44702

*Wise, J.*

{¶1} Appellant Ashley L. Dendak appeals from her conviction, in the Canton Municipal Court, Stark County, on one count of vehicular manslaughter. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On the afternoon of August 1, 2012, troopers from the Ohio State Highway Patrol were dispatched to the scene of a left-of-center motor vehicle crash in the 7400 block of State Route 43 (Waynesburg Drive SE), Sandy Township, Stark County, Ohio. The two vehicles involved were a white 1994 GMC Safari van, operated by appellant, and a gray 2000 Jeep Wrangler, operated by Marsha Lowe. When medics arrived, they determined that Lowe was deceased, having been ejected from the Jeep during the crash. Neither driver had been wearing a seat belt. The Jeep had come to rest on top of Ms. Lowe, who died instantly, while appellant's van had left the roadway after striking the Jeep and hit a utility pole.

{¶3} Following further investigation, on November 19, 2012, appellant was arrested on a warrant for one count of vehicular homicide, R.C. 2903.06(A)(3), a misdemeanor of the first degree, and one count of vehicular manslaughter, R.C. 2903.06(A)(4), a misdemeanor of the second degree, one count of driving on the left side of the roadway, R.C. 4511.30, a minor misdemeanor, and one count of no seat belt, 4513.263, a minor misdemeanor. On November 20, 2012, at her arraignment, appellant pled not guilty to all charges.

{¶4} The case proceeded to a jury trial commencing on March 11, 2013. On March 12, 2013, the jury returned a verdict of not guilty on the count of vehicular

homicide, but guilty on one count of vehicular manslaughter. Additionally, the trial court found appellant guilty of the two minor misdemeanor traffic charges.

{¶5} The trial court thereafter sentenced appellant to ninety days in the Stark County Jail, with credit for one day served and one day suspended on the condition that appellant pay restitution. Appellant also received six points on her driver's license and a two year driver's license suspension.

{¶6} On April 3, 2013, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶7} "I.    THE APPELLANT'S CONVICTION FOR ONE COUNT OF VEHICULAR MANSLAUGHTER IN VIOLATION OF R.C. 2903.06 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶8} "II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

I.

{¶9} In her First Assignment of Error, appellant maintains her conviction for vehicular manslaughter was not supported by the sufficiency of the evidence and was against the manifest weight of the evidence. We disagree.

{¶10} In reviewing a claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶11} Appellant herein was convicted of violating R.C. 2903.06(A)(4), which states: "No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another *** [a]s the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor."

{¶12} Among the witnesses called by the State at trial was Trooper Michelle Fish of the Ohio State Highway Patrol, who is trained in accident reconstruction. Trooper Fish determined in her investigation that the collision on August 1, 2012 occurred as a result of appellant's southbound van crossing approximately eight feet to the left of the center line and striking Ms. Lowe's Jeep near the rear left tire. Tr. at 116. The Jeep's rear axle was thereby damaged, and the Jeep began to skid counterclockwise and proceeded to go off of the right side of the northbound lane, where it rolled over. Ms. Lowe, who was not belted in, was ejected from the vehicle, which then came to rest on top of her. Tr. at 119, 147.

{¶13} The State also called Harry Campbell, an investigator for the Stark County Coroner's Office, who was summoned to the scene of the crash. His investigation strongly indicated that Ms. Lowe had suffered from a basal skull fracture resulting in her immediate death. Tr. at 171-173. The Stark County Coroner, Dr. P. S. Murthy, also took the stand at trial. Dr. Murthy ruled Ms. Lowe's manner of death as an accident. Tr. at

190. He determined that the cause of death was multiple blunt trauma to the head and trunk as a result of a motor vehicle crash. Tr. at 189.

{¶14} Although appellant does not dispute that an automobile collision occurred on the day in question, her argument focuses on the "causation" element and the fact that Ms. Lowe was determined by the troopers to have not been wearing a seatbelt. In essence, appellant rather speculatively maintains that had Ms. Lowe been wearing her seat belt, she would likely not have died, as she would not have been fatally ejected from the Jeep. However, "it is well settled that any contributory negligence of the decedent cannot be a defense to vehicular homicide, unless it is the sole proximate cause of the accident." *State v. Langenkamp* (2000), 137 Ohio App.3d 614, 621, 739 N.E.2d 404. Although *Langenkamp* involved a case of vehicular homicide, we find its aforesaid holding applicable to the offense of vehicular manslaughter as charged in the case sub judice. We are unpersuaded that the General Assembly intended that contributory or comparative negligence should generally be a factor for consideration of culpability under R.C. 2903.06(A)(4).

{¶15} Accordingly, we find appellant's conviction for vehicular manslaughter was supported by sufficient evidence.

{¶16} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d

717. *See, also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

**{¶17}** It appears upon our review of the transcript that part of the defense strategy at trial was to emphasize that appellant had no drugs or alcohol in her system and to suggest to the jury that a mechanical problem in one of the van's wheels or tires may have been an issue. Appellant's boyfriend, James Stine, recalled during direct examination that as he rode in the front passenger seat of appellant's van on the day of the crash, he noticed that something seemed amiss with one of the tires, what he called a "sway-in" or a "wheel shimmy." Tr. at 150, 152. He noted on cross-examination: "Well it started to [sic], yes, and that's why I says, 'We need to pull over right now.' And as we said that [appellant] looked at me and the next thing you know it just – we were into the embankment." Tr. at 157. However, Stine had told the troopers at the scene that the van had been traveling "every bit of the speed limit, fifty-five." Tr. at 151. Appellant testified in her defense that as she was discussing pulling over to check the tires, "*** I felt something hit me and I, uh, looked up and all I saw was the telephone pole and then I was in the embankment." Tr. at 224.

**{¶18}** Upon review, we are unpersuaded that the jury lost its way in assessing the evidence in this case. We find the jury's decision did not create a manifest miscarriage of justice requiring that appellant's conviction be reversed and a new trial ordered.

**{¶19}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶20}** In her Second Assignment of Error, appellant contends she was deprived of the effective assistance of counsel at trial. We disagree.

**{¶21}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Furthermore, both prongs of the *Strickland* test need not be analyzed if the claim of ineffective assistance can be resolved under one prong. *State v. Doss,* 4th Dist. Gallia No. 09CA20, 2012–Ohio–883, ¶ 16, citing *State v. Madrigal* (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52.

**{¶22}** Appellant first challenges her trial counsel's failure to object to alleged opinion testimony by Trooper Fish. The assistant prosecutor asked Trooper Fish at one point whether the vehicle driven by appellant was unsafe due to a loose bumper and a

cracked windshield. See Tr. at 128. Trooper Fish was also similarly asked whether appellant's vehicle was safe to be driven on the roadway. See Tr. at 137. It is undisputed that Trooper Fish was not specifically testifying as an expert witness under the Rules of Evidence. However, because the state of appellant's van's bumper and windshield before the crash was largely irrelevant to the offense for which she was convicted, we find no demonstration of ineffective assistance on this basis.

**{¶23}** Appellant secondly challenges her trial counsel's failure to object to the introduction of Trooper Fish's written accident reconstruction report. We note Evid.R. 803(8) states the following are not excluded by the hearsay rule:

**{¶24}** "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.*" (Emphasis added).

**{¶25}** Thus, police reports are generally recognized as inadmissible hearsay and should not be submitted to the jury. *State v. Hall*, 8th Dist. Cuyahoga No. 96680, 2012-Ohio-266, ¶ 12, citing *State v. Leonard,* 104 Ohio St.3d 54, 2004–Ohio–6235, 818 N.E.2d 229. However, in light of the overall testimony of Highway Patrol Sergeants Glennon and Thorne, Troopers Fish and Smith, Investigator Campbell, Coroner Dr. Murthy, and passenger James Stine, we find appellant has not established that she was actually prejudiced by the admission of the written accident report, much of which was cumulative to such oral testimony. Furthermore, as the State suggests, defense

counsel, countering both the vehicular homicide and vehicular manslaughter charges, may have had strategic reasons for allowing the jury to see the full written details of the crash investigation. Part of defense counsel's closing arguments, for example, was the following: "All accidents are a moment in time that you make a split decision that your attention drifts from what you were doing \*\*\* we've all lost attention of the road at some point in time. And but for [sic] the grace of God we haven't committed this crime." Tr. at 251.

**{¶26}** We therefore find no showing that appellant's trial counsel's performance prejudiced appellant's defense such that reversal would be warranted. Appellant's Second Assignment of Error is overruled.

**{¶27}** For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

JWW/d 1210

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                        :
                                                 :
-vs-                                             :           JUDGMENT ENTRY
                                                 :
ASHLEY L. DENDAK                                 :
                                                 :
    Defendant-Appellant                       :           Case No. 2013 CA 00065


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN